Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell, Esq. (SBN 274494)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
erussell@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL E. BURNS and RICHARD PIOMBO, in their respective capacities as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; <br><br> PENSION TRUST FUND FOR OPERATING ENGINEERS; <br><br> PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND; <br><br> OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND, <br><br> HEAVY AND HIGHWAY COMMITTEE; and <br><br> OPERATING ENGINEERS LOCAL 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, <br><br>       Plaintiffs, <br><br>    v. <br><br> MICHAEL HEAVEY CONSTRUCTION, INC., a California corporation, <br><br>       Defendant. | Case No.: <br><br> **COMPLAINT** |

///

## Parties

1. The Operating Engineers' Health and Welfare Trust Fund for Northern California (which includes the Addiction Recovery Program, Inc.); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned Operating Engineers' Health and Welfare Trust Fund; and Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund, are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). They and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs". Russell E. Burns and Richard Piombo are Co-Chairmen of the Joint Boards of Trustees of ERISA Plaintiffs with authority to act on behalf of all Trustees.

2. The Heavy and Highway Committee is a Trust established under the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

3. Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and is represented by counsel herein for the limited purpose of collecting union dues owing as part of the subject contribution claims of Plaintiffs, and not for any other cause of action. The Union expressly reserves its rights to pursue any other cause of action on its own behalf.

4. Michael Heavey Construction, Inc., a California corporation ("Defendant") is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

## Jurisdiction

5. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

6. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce

the terms and conditions of a valid Collective Bargaining Agreement between Defendant and the Union.

7. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

8. Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of ERISA Plaintiffs are administered within this district and the breach took place in this district.

9. Venue exists in this Court with respect to the claims under LMRA § 301(a) and 302(c) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

### Intradistrict Assignment

10. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiff Trust Funds and the Bargained Plans, described in ¶ 12 herein, are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

### Bargaining Agreement

11. The Union and Defendant, by and through its representative, the United Contractors ("UCON") *fka* Engineering and Utility Contractors Association ("EUCA") entered into the Master Agreement for Northern California between UCON and the Union ("Master Agreement"), requiring employer contributions to Plaintiffs' Funds, to the Union for union dues, and to the Bargained Plans more fully described in the Master Agreement. That Agreement is referred to herein as the "Bargaining Agreement," and ERISA Plaintiffs are third party beneficiaries of the Bargaining Agreement.

12. Under the terms of the Bargaining Agreement, and Trust Agreements incorporated therein, Defendant is required to pay certain contributions to the Operating Engineers' Vacation and Holiday Pay Plan; Contract Administration Fund; Job Placement Center and Market Area Committee Administration Market Preservation Fund; Operating Engineers Industry Stabilization Trust Fund; and Business Development Trust Fund (together referred to herein as "Bargained Plans"). Plaintiffs' Boards of Trustees are assigned under the Bargaining Agreement to receive and administer monies due to these Bargained Plans.

13. Under the Bargaining Agreement and the governing documents of ERISA Plaintiffs which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by the employees of Defendant. Contributions are due on the 15th day of the month following the month during which hours were worked, and are considered delinquent if not received by the 25th day of that month. Defendant further agreed to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation, pursuant to the Bargaining and Trust Agreements. In accordance with the Bargaining Agreement and the governing documents of ERISA Plaintiffs, interest accrues on the delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the 26th day of the month following the month in which payment was due, until paid in full.

14. Under the terms of said Bargaining Agreement and Trust Agreements, which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to permit an authorized Trust Fund representative to examine such records of Defendant as is necessary to determine whether Defendant has made full payment of all sums owed to ERISA Plaintiffs, all as more fully set forth in said Bargaining Agreements and Trust Agreements.

Facts

15. Defendant failed to pay contributions that it reported as due for work performed by its employees for the period from February through June 2014. Liquidated damages have been

assessed on the unpaid contributions for those months, as well as for prior late paid contributions for the period from March through July 2010. Interest has accrued, and continues to accrue, on Defendant's unpaid contributions. Plaintiffs reserve the right to conduct an audit to determine whether there are any other amounts due by Defendant. Plaintiffs are entitled to recover any and all contributions, and all liquidated damages and interest incurred thereon, found due on timecards, audit, or otherwise through the time of judgment.

16. Defendant has a statutory duty to timely report and pay contributions to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.

17. Defendant has a contractual duty under the Bargaining Agreements, and Trust Agreements incorporated therein, to timely report and pay required contributions, and any liquidated damages and interest on delinquent contributions, to ERISA Plaintiffs and the Bargained Plans, and to timely make the required payment of union dues to the Union. Defendant also has a contractual duty under the Bargaining Agreement and incorporated Trust Agreements to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs.

18. Defendant's failure and refusal to make payment was at all times, and still is, willful. Defendant continues to breach said Bargaining Agreement and the Trust Agreements incorporated therein, by failing to pay all amounts owed, as alleged.  Said refusal is unjustified and done with knowledge and intent.

19. By failing to make such timely payments as required, Defendant has breached its statutory and contractual duties described above.  ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

20. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits.  There is

1  the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable
2  injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.
3      21.    This Complaint does not in any manner relate to statutory withdrawal liability that
4  may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to
5  pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs'
6  Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendant as follows:

    (a)    Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

        i.    To ERISA Plaintiffs, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

        ii.    To the Union in accordance with the Bargaining Agreement.

    (b)    Liquidated damages on late paid and unpaid contributions in an amount provided for under the Bargaining Agreement and governing documents of Plaintiffs' Funds and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

    (c)    Interest on late paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the governing documents of ERISA Plaintiffs, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Plans, and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3. For an order:

    (a)    requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreement and the governing documents referred to therein;

P:\CLIENTS\OE3CL\Michael Heavey Construction\Pleadings\Heavey - Complaint UCON 080514.doc

1     (b)    enjoining Defendant from violating the terms of those documents and of ERISA; and

3     (c)    enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendant's business until said terms have been complied with.

4. That the Court retain jurisdiction of this case pending compliance with its orders.

5. For such other and further relief as the Court may deem just and proper.

Dated: August 5, 2014                                        SALTZMAN & JOHNSON
                                                                                   LAW CORPORATION

By:       /S/
      Erica J. Russell
      Attorneys for Plaintiffs