Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell, Esq. (SBN 274494)
Adrian L. Canzoneri (SBN 265168)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
erussell@sjlawcorp.com
acanzoneri@sjlawcorp.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL E. BURNS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL HEAVEY CONSTRUCTION, INC., a California corporation,<br><br>Defendant. | Case No.: C14-3614 CW<br><br>**NOTICE OF ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs Russell E. Burns, et al. ("Plaintiffs" or "Trust Funds") and against Defendant Michael Heavey Construction, Inc., a California corporation ("Defendant"), and/or alter egos and/or successor entities, as follows:

1.      Through its membership with the United Contractors ("UCON"), Defendant is signatory to and bound by the terms of the Master Agreement ("Bargaining Agreement") for Northern California between UCON and the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union"). The Bargaining Agreement is still in full force and effect.

2.       Michael Bart Heavey, in his capacity as Owner/RMO of Defendant Michael Heavey Construction, Inc., hereby acknowledges that he is authorized to receive service on behalf of Defendant and has received the following documents in this action: Complaint (Dkt. #1); Civil Cover Sheet (Dkt. #1-1); Notice of Assignment of Case to a United States Magistrate Judge for Trial; Consent to Proceed Before A United States Magistrate Judge (Blank Form); Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge (Blank Form); ECF Registration Information; Filing Procedures (San Francisco); Standing Order for All Judges of the Northern District of California, Contents of Joint Case Management Statement; Civil Standing Order, Settlement Conference Standing Order, and Trial Preparation Standing Order for Magistrate Judge Nathanael M. Cousins; ADR Dispute Resolution Procedures; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and Proposed Order Selecting ADR Process (Blank Form); Notice of Need for ADR Phone Conference (Blank Form); ADR Certification by Parties and Counsel (Blank Form); Notice of Case Assignment (Dkt. #2); Proposed Summons (Dkt. #3); Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16 (Dkt. #4); Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge (Dkt. #6); Clerk's Notice of Impending Reassignment to a U.S. District Court Judge (Dkt. #7); Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. #8); Summons (Dkt. #9); Reassignment Order (Dkt. #10).

3.       Michael Bart Heavey ("Guarantor") confirms that he is authorized to enter into this Stipulation on behalf of Defendant and confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation. Guarantor further confirms that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendant joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Guarantor is an officer, owner or possesses any ownership interest. Defendant/Guarantor and all such entities shall specifically consent to the Court's jurisdiction, in writing, at the time of any assignment, affiliation or purchase, as well as to all other terms herein.

4.    Defendant has become indebted to the Trust Funds as follows:

| Work Month | Unpaid Contributions | 20% Liquid. Damages | 10% Interest (thru 10/1/14) | |
|---|---|---|---|---|
| February 2014 | $515.47 | $103.09 | $    26.60 | |
| March 2014 | $4,327.25 | $865.45 | $   189.21 | |
| April 2014 | $3,608.29 | $721.66 | $   127.71 | |
| May 2014 | $4,462.90 | $892.58 | $   119.56 | |
| June 2014 | $4,259.41 | $851.88 | $    79.56 | |
| July 2014 | $6,010.20 | $1,202.04 | $    61.05 | |
| August 2014 | $4,578.53 | $915.71 | $     7.50 | |
| **Subtotal:** | **$27,762.05** | **$5,552.41** | **$   611.19** | |
| Unpaid Contributions, Interest, and Liquidated Damages For 2/14-8/14 (breakdown above) | | | | $33,925.65 |
| 10% Liquidated Damages on Prior Delinquencies (3/10-7/10) | | | | $1,367.24 |
| 10% per annum Interest on Prior Delinquencies (3/10-7/10) | | | | $937.63 |
| Attorneys' Fees (through 9/30/14) | | | | $4,199.00 |
| Costs (through 9/30/14) | | | | $496.65 |
| **TOTAL DUE:** | | | | **$40,926.17** |

5.    Defendant/Guarantor shall *conditionally* pay the amount of **$34,006.52**, representing all of the above amounts, less liquidated damages in the amount of **$6,919.65**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a)    Beginning on **October 25, 2014**, and on or before the 25th day of each month thereafter for a period of twelve (12) months, through and including September 25, 2015, Defendant/Guarantor shall pay to Plaintiffs the amount of $**2,990.00** per month;

(b)    Payments may be made by joint check, to be endorsed by Defendant prior to submission. Payments made by joint check may be applied toward Defendant's monthly stipulated payment provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint check payments in which a release is requested may not be applied toward Defendant's monthly stipulated payment, but shall be deducted from the total balanced owed under this Stipulation provided the payment is for contributions included in this Stipulation;

(c)    Defendant/Guarantor shall have the right to increase the monthly payments

1  at any time and there is no penalty for prepayment;

2  (d)  Payments shall be applied first to unpaid interest and then to unpaid

3  principal. The unpaid principal balance shall bear interest from October 2, 2014, at the rate of 10%

4  per annum in accordance with the Bargaining Agreements and Plaintiffs' Trust Agreements;

5  (e)  Checks shall be made payable to the *Operating Engineers Trust Funds*, and

6  delivered on or before each due date to <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law</u>

7  <u>Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other

8  address as may be specified by Plaintiffs;

9  (f)  At the time that Defendant/Guarantor makes its twelfth (12th) stipulated

10  payment, Defendant/Guarantor may submit a written request for waiver of their liquidated

11  damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation

12  with their twelfth (12th) payment. Such waiver will not be considered until and unless all other

13  amounts are paid in full and Defendant's account is otherwise current;

14  (g)  Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise

15  Defendant/Guarantor in writing, by regular mail and email to <u>mheavey@heaveyconstruction.com</u>,

16  as to the final amount due, including additional interest and all additional attorneys' fees and costs

17  incurred by Plaintiffs in connection with the collection and allocation of the amounts owed to

18  Plaintiffs under this Stipulation. Defendant/Guarantor shall pay all additional interest, attorneys'

19  fees and costs regardless of whether or not Defendant defaults herein. Any additional amounts due

20  pursuant to the provisions hereunder shall also be paid in full with the final stipulated payment due

21  on September 25, 2015; and

22  (h)  Failure to comply with any of the above terms shall constitute a default of

23  the obligations under this Stipulation and the provisions of ¶ 13 shall apply.

24  6.  In the event that any check is not timely submitted or fails to clear the bank, or is

25  unable to be negotiated for any reason for which Defendant/Guarantor is responsible, Defendant

26  shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a

27  written  demand  to  Defendant/Guarantor,  by  regular  mail  and  email  to

28  mheavey@heaveyconstruction.com, to cure said default ***within seven (7) days of the date of the***

1   *notice from Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a

2   replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the

3   seven (7) day cure period. If Defendant/Guarantor elect to cure said default, and Plaintiffs elect to

4   accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs'

5   request. In the event default is not cured, all amounts remaining due hereunder shall be due and

6   payable on demand by Plaintiffs.

7         7.        Beginning with contributions due for hours worked by Defendant's employees

8   during the month of September 2014, and for every month thereafter until this Judgment is

9   satisfied, **Defendant shall remain current in reporting and payment of contributions** due to

10  Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective

11  Bargaining Agreements, if any, and the Declarations of Trust as amended. The Collective

12  Bargaining Agreement and Trust Agreements provide that all benefit contributions are due on or

13  before the fifteenth (15th) day of the month following the month in which hours were worked and

14  are delinquent if not received by the twenty-fifth (25th) day of that month.

15        Until this judgment is satisfied, Defendant shall **submit copies of all monthly**

16  **contribution reports and payments to Saltzman and Johnson Law Corporation.** Copies of the

17  reports and payments shall be delivered to <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law</u>

18  <u>Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other

19  address as may be specified by Plaintiffs, by the twenty-fifth (25th) day of each month. Defendant

20  shall send the actual contribution reports and payments directly to the Trust Funds. Plaintiffs may

21  require that Defendant pay contributions electronically by wire transfer.  Failure by Defendant to

22  timely submit copies of current contribution reports and payments, or a report of "no employees"

23  if applicable, shall constitute a default of the obligations under this Stipulation and the provisions

24  of ¶ 13 shall apply.

25        8.        Beginning with the month of October 2014, and for every month thereafter,

26  **Defendant shall fully disclose all jobs on which it is working by providing Plaintiffs with**

27  **fully completed job reports** on the form attached hereto as Exhibit A. Upon request by Plaintiffs,

28  Defendant shall also provide Plaintiffs with copies of Certified Payroll Reports for any and all

1    Public Works jobs, or any other job for which Certified Payroll Reports are required. Defendant's

2    updated monthly job reports and Certified Payroll Reports (if requested) shall be delivered to

3    Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite

4    2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs,

5    by the 25th day of each month.

6        This requirement remains in full force and effect regardless of whether or not Defendant

7    has ongoing work, whether Defendant's account with the Trust Funds is active, or whether

8    Defendant is signatory to a Collective Bargaining Agreement with the Union. If, for any reason,

9    Defendant has no work to report during a given month, Defendant shall submit the job report form

10   (Exhibit A) indicating that there are no current jobs. **Defendant's first job report (regarding**

11   **October 2014 jobs) is due on or before October 25, 2014.**

12       Failure by Defendant to timely submit fully completed monthly job reports and Certified

13   Payroll Reports (if applicable) as described above shall constitute a default of the obligations

14   under this Stipulation and the terms of ¶ 13 shall apply.

15       9.    **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in

16   order to confirm proper reporting and payment of contributions pursuant to the Bargaining

17   Agreements, any failure by Defendant to comply with said request shall constitute a default of the

18   obligations under this Agreement, which Defendant shall have ten (10) days to cure from receipt

19   of written notice from Plaintiffs.

20       (a)    In the event that amounts are found due on audit, Plaintiffs shall send a

21   written demand to Defendant by regular mail and email to mheavey@heaveyconstruction.com, for

22   payment in full of the amounts found due in the audit, including a full copy of the audit report and

23   any findings, including contributions, liquidated damages, interest and audit fees owed.

24       (b)    Defendant will be provided with ten (10) days in which to review the audit,

25   and provide evidence to contest the findings. In the event that Defendant does not agree with the

26   total found due, Plaintiffs shall provide any additional information or clarification requested by

27   Defendant in writing within ten (10) days of the request therefor, or as soon as reasonably

28   possible, and Defendant's time to respond to the audit report or comply with payment

1   requirements shall then run from the time that Defendant receives Plaintiffs' response. Once the

2   ten (10) day review period expires, in the event that the audit is not contested, payment in full

3   shall be delivered to Michele R. Stafford, Esq. at the address provided above.

4           (c)     If the audit is contested, and Defendant provides documentation in support

5   of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If

6   revisions are not made, payment will be immediately due.

7           (d)     If revisions are made to said audit as a result of the dispute, payment in full

8   of the revised amount shall be due within ten (10) days of Defendant's receipt of the revised

9   billing.

10          (e)     If Defendant is unable to make payment in full, Defendant may submit a

11  written request to revise this Stipulation, modifying the payment plan (by monthly amount and/or

12  payment term), to add the amounts found due in the audit to this Stipulation, subject to the terms

13  herein. If the Stipulation is so revised, Defendant shall execute the Amended Judgment or

14  Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended

15  Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a

16  default of the terms herein.

17        10.     Failure by Defendant to submit either payment in full or a request to add the

18  amounts due to this Judgment within ten (10) days of the date due per the terms written above

19  shall constitute a default of the obligations under this agreement. All amounts found due on audit

20  shall immediately become part of this Judgment.

21        11.     Failure to comply with <u>any</u> of the above terms shall constitute a default of the

22  obligations under this Stipulation and the provisions of ¶ 13 shall apply.

23        12.     Any unpaid or late-paid contributions, together with 20% liquidated damages and

24  10% per annum interest accrued on the contributions shall be added to and become a part of this

25  Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the

26  applicable Bargaining Agreements and Declarations of Trust of the Trust Funds for collection of

27  current and future contributions, and for any additional past contributions and related amounts not

28  included herein as may be determined by Plaintiffs to be due, pursuant to employee timecards or

P:\CLIENTS\OE3CL\Michael Heavey Construction\Pleadings\C14-3614 NC - Ntc and Ack + Judgment Pursuant to Stipulation 091514.doc

1    paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.

2    Defendant/Guarantor specifically waive the defense of the doctrine *res judicata* as to any such

3    additional amounts determined as due**.**

4          13.      In the event that Defendant/Guarantor fails to make any payment required herein,

5    or otherwise defaults on any of their obligations as detailed in this Stipulation, and such default is

6    not timely cured, the following will occur:

7          (a)      The entire balance of **$40,926.17**, plus interest, but reduced by principal

8    payments received from Defendant/Guarantor, in addition to any unpaid contributions then due,

9    plus 20% liquidated damages and 10% per annum interest on the unpaid or late-paid contributions,

10    shall be immediately due and payable, together with any attorneys' fees and costs incurred during

11    the term of this Stipulation;

12          (b)      A Writ of Execution may be obtained against Defendant/Guarantor without

13    further notice to Defendant/Guarantor, in the amount of the unpaid balance plus any additional

14    amounts due under the terms herein. Such Writ of Execution may be obtained solely upon

15    declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore

16    made by or on behalf of Defendant and the balance due and owing as of the date of default;

17          (c)      Defendant/Guarantor waive any notice of Entry of Judgment or of any

18    Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution

19    and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the

20    balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ

21    of Execution, without notice to Defendant/Guarantor; and

22          (d)      Defendant/Guarantor shall pay all additional attorneys' fees and costs

23    incurred by Plaintiffs in connection with the collection and allocation of the amounts owed by

24    Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

25          14.      Any failure on the part of Plaintiffs to take any action against Defendant/Guarantor

26    as provided herein in the event of any breach of the provisions of this Stipulation shall not be

27    deemed a waiver of any subsequent breach by Defendant/Guarantor of any provisions herein.

28

15.     The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise.

16.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

17.     This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendant to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and all of its control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

18.     This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

19.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

20.     Defendant/Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

///

///

-9-
**NOTICE OF ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C14-3614 CW**

1   21.   The parties agree that the Court shall retain jurisdiction of this matter until this

2   Judgment is satisfied.

3

4   Dated: October 7, 2014                    **MICHAEL HEAVEY CONSTRUCTION, INC.**

5

6                                            By: _____/S/_____

7                                                Michael Bart Heavey
                                                 Owner/RMO of Defendant

8   Dated: October 7, 2014                    **MICHAEL BART HEAVEY**

9                                            By: _____/S/_____

10                                               Michael Bart Heavey, individually, as
                                                 Guarantor

11
    Dated: October 8, 2014                    **OPERATING ENGINEERS LOCAL NO. 3 TRUST FUNDS**
12

13                                           By: _____/S/_____

14                                               David E. Hayner
                                                 Collections Manager for Plaintiffs

15
    Dated: October 14, 2014                   **SALTZMAN AND JOHNSON LAW CORPORATION**
16

17                                           By: _____/S/_____

18                                               Adrian L. Canzoneri
                                                 Attorneys for Plaintiffs

19

20   IT IS SO ORDERED.

21   IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall

22   retain jurisdiction over this matter.

23   Dated: _____, 2014          _____

24                                           UNITED STATES DISTRICT COURT JUDGE

25

26

27

28

| | |
|---|---|
| | ***EXHIBIT A*** |
| | ***JOB REPORT FORM*** |

**Updated Job Reports shall be delivered to Saltzman & Johnson Law Corporation**
**by the 25th day of each month**

at 44 Montgomery Street, Suite 2110, San Francisco, California 94104

**Employer Name: <u>MICHAEL HEAVEY CONSTRUCTION, INC.</u>**

**Report for the month of _____, 20__ Submitted by: _____**

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

*** *Attach additional sheets as necessary* ***

**Exhibit A to NOTICE OF ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C14-3614 CW**

P:\CLIENTS\OE3CL\Michael Heavey Construction\Pleadings\C14-3614 NC - Ntc and Ack + Judgment Pursuant to Stipulation 091514.doc

21.    The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: October _7th_, 2014

**MICHAEL HEAVEY CONSTRUCTION, INC.**

By: _____
Michael Bart Heavey
Owner/RMO of Defendant

Dated: October _7th_, 2014

**MICHAEL BART HEAVEY**

By: _____
Michael Bart Heavey, individually, as Guarantor

Dated: October _____, 2014

**OPERATING ENGINEERS LOCAL NO. 3 TRUST FUNDS**

By: _____
David E. Hayner
Collections Manager for Plaintiffs

Dated: October _____, 2014

**SALTZMAN AND JOHNSON LAW CORPORATION**

By: _____
Adrian L. Canzoneri
Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____, 2014

_____
UNITED STATES DISTRICT COURT JUDGE

1    21.    The parties agree that the Court shall retain jurisdiction of this matter until this

2  Judgment is satisfied.

3

4  Dated: October _____, 2014          **MICHAEL HEAVEY CONSTRUCTION,
                                         INC.**
5

6                                       By: _____

7                                           Michael Bart Heavey
                                            Owner/RMO of Defendant

8  Dated: October _____, 2014          **MICHAEL BART HEAVEY**

9

10                                      By: _____
                                            Michael Bart Heavey, individually, as
                                            Guarantor
11

12  Dated: October 8, 2014             **OPERATING ENGINEERS LOCAL
                                         NO. 3 TRUST FUNDS**

13                                      By: _____

14                                          David E. Hayner
                                            Collections Manager for Plaintiffs
15

16  Dated: October 14, 2014            **SALTZMAN AND JOHNSON LAW
                                         CORPORATION**

17                                      By: _____

18                                          Adrian L. Canzoneri
                                            Attorneys for Plaintiffs
19

20  IT IS SO ORDERED.

21  IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall

22  retain jurisdiction over this matter.

23  Dated: _____ October 15 , 2014

24                                      UNITED STATES DISTRICT COURT JUDGE

25

26

27

28